**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRIAN C. KOON,**

    **Petitioner,**

    **v.**

**WARDEN, MADISON
CORRECTIONAL INSTITUTION,**

    **Respondent.**

**CASE NO. 2:16-CV-00950
JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**I.    FACTS AND PROCEDURAL HISTORY**

The state appellate court summarized the facts and procedural history of the case as follows:

> The Hocking County Grand Jury returned an indictment charging Koon with one count of trafficking in heroin, one count of possession of heroin, and one count of endangering children. Koon pleaded not guilty to the charges, and the case proceeded to a jury trial, which produced the following evidence.
>
> Lori Frank was driving a vehicle occupied by Koon and their 12-year-old son, when it wrecked on U.S. 33 near the intersection of S.R. 93 in Hocking County. Steven Suman, who was not in the vehicle, was its owner. The vehicle rolled over several times, ending up about 70 feet from the roadway. As a result numerous items were thrown from the vehicle, forming a "debris field" starting 50 feet from the road. Koon's and Frank's son was injured by the accident and was lying on the pavement of the road

screaming in pain. Koon called 911 at 10:03 p.m. for medical assistance.

At about 10:05 p.m. State Trooper Steven Brooks, who had not been dispatched to the scene, arrived to investigate a red pickup truck that had stopped along the berm of the roadway near the accident. After Koon approached him and indicated there had been an accident, Trooper Brooks called for an ambulance and backup units. Trooper Nathan Dennis and members of the Logan Police Department responded to the request for support.

The officers observed Koon, Frank, and two adults from the red pickup truck walking around the scene of the accident, picking up personal effects, and placing some of these items in the back of the truck.

Trooper Brooks advised Koon and Frank, who appeared to be more concerned with retrieving items that had been thrown from the car, to attend to Koon's son rather than wander around the accident scene. When Trooper Brooks asked Koon what he was trying to find that was more important than his son lying on the ground in pain, he responded that "his whole life was ruined and scattered on the ground." Trooper Brooks testified that he assumed that Koon meant that the items scattered on the ground near the crashed vehicle were his. Life Flight ultimately had to transport Koon's son to a hospital due to the severity of his injuries.

Troopers Brooks and Dennis saw that Koon had a sticky, grainy brown substance, which he claimed to be mud or dirt from the accident, on his shirt. Trooper Brooks testified that he did not believe the substance on Koon's shirt to be mud or dirt, and Trooper Dennis testified that based on his experience, he believed the spot to be liquefied heroin. The troopers neither photographed the spot nor collected and tested the shirt.

In their search of the "debris field" close to the crashed vehicle, law enforcement officers retrieved a syringe containing .403 grams of heroin, three rocks containing 19.452 grams of heroin, and other evidence of drug use, including a metal spoon with brown residue. Trooper Brooks testified that the debris field for the accident was approximately 50 to 70 feet from the roadway and was unlikely to have contained items from other sources besides the wrecked vehicle.

During the state's direct examination of Trooper Brooks, the prosecutor asked him if he had anything else to add about what he

2

did at the scene, and he answered that "[w]hile asking Ms. Frank about the crash itself, she stated the crash actually happened around 9:30." Koon's counsel objected to this testimony, moved to strike the statement, and further requested a mistrial because the statement was a "decisive piece of evidence" that the accident had occurred a half hour before Trooper Brooks's arrival. The trial court overruled Koon's request for a mistrial, but instructed the jury to disregard the hearsay statement given by Trooper Brooks.

The jury returned a verdict finding Koon guilty of possession of drugs and endangering children and acquitting him on the drug trafficking charge. For the drug possession charge, the jury returned a special verdict finding that Koon possessed 10 grams of heroin.

Following the trial Koon filed a motion for new trial, arguing that the jury's finding that he possessed 10 grams of heroin was not supported by sufficient evidence. He also filed a motion for acquittal contending that his conviction for endangering children was not supported by sufficient evidence. The trial court granted Koon's motion for acquittal on the endangering children charge, but denied his motion for new trial on the possession of heroin conviction. After sentencing, this appeal followed.

II. ASSIGNMENTS OF ERROR

Koon assigns the following errors for review:

1. APPELLANT'S CONVICTION FOR POSSESSION OF HEROIN WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

2. APPELLANT'S CONVICTION FOR POSSESSION OF HEROIN WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

> 3. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S REQUEST FOR A NEW TRIAL DURING THE JURY TRIAL.
>
> 4. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL FOLLOWING THE JURY TRIAL.
>
> 5. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL FOLLOWING THE JURY TRIAL.

*State v. Koon*, No. 15CA17, 2016 WL 527289, at *1–3 (Ohio Ct. App. Feb. 3, 2016). On February 3, 2016, the appellate court affirmed the judgment of the trial court. *Id*. On June 15, 2016, the Ohio Supreme Court declined jurisdiction to accept the appeal. *State v. Koon*, 146 Ohio St.3d 1416 (Ohio 2016).

On October 16, 2016, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the evidence is constitutionally insufficient to sustain his conviction on possession of heroin and that it is against the manifest weight of the evidence (claims one and two); that the trial court improperly denied his request for a new trial based on improper admission of testimony by Trooper Brooks (claim three); and that the trial court committed reversible error when it denied his motion for a new trial and motion for judgment of acquittal (claim four). Respondent argues that Petitioner's claims lack merit or are procedurally defaulted.

## II.   STANDARD OF REVIEW

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and

4

emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, — U.S. —, —, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

The factual findings of the state appellate court are presumed to be correct.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). "Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)); 28 U.S.C. § 2254(d)(1) (requiring a petitioner to show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d)(2) (requiring a petitioner to show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit has explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a

> different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular...case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley*, 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 562 U.S. at 102 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ("[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence." (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*)); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the

6

reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster*, 563 U.S. at 181. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 182.

### A.  Claim One

In claim one, Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction on possession of heroin. However, before a criminal defendant can be convicted consistent with the United States Constitution, there must be evidence sufficient to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In determining whether the evidence was sufficient to support a petitioner's conviction, a federal habeas court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson*, at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume – even if it does not appear on the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id*. (quoting *Jackson*, at 326).

Moreover, federal habeas courts must afford a "double layer" of deference to state court determinations of the sufficiency of the evidence. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference must be given, first, to the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Second, and even if a *de novo*

review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome, and Petitioner has not done so.

The state appellate court rejected Petitioner's claim of insufficiency of evidence in relevant part as follows:

> "When a court reviews a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014–Ohio–1019, 9 N.E.3d 930, ¶ 146, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L .Ed.2d 560 (1979). A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness.
>
> ***
>
> The jury convicted Koon of possession of heroin in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess or use a controlled substance." The jury also found that he possessed 10 grams of heroin, which made the offense a felony of the second degree. R.C. 2925.11(C)(6)(d) ("[i]f the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, possession of heroin is a felony of the second degree").
>
> Koon claims that his drug possession conviction is not supported by sufficient evidence and is against the manifest weight of the evidence because "the State failed to prove that [he] knowingly obtained, used, or possessed heroin." More specifically, Koon argues that "there is no evidence linking the heroin to [him] rather than Ms. Frank or the owner of the vehicle driven by Ms. Frank."
>
> "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of

8

circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "[P]ossession" is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Possession may be actual or constructive." *State v. Moon*, 4th Dist. Adams No. 08CA875, 2009–Ohio–4830, ¶ 19, citing *State v. Butler*, 42 Ohio St.3d 174, 175, 538 N.E.2d 98 (1989) ("[t]o constitute possession, it is sufficient that the defendant has constructive possession").

"'Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession.'" *State v. Kingsland*, 177 Ohio App.3d 655, 2008–Ohio–4148, 895 N.E.2d 633, ¶ 13 (4th Dist.), quoting *State v. Fry*, 4th Dist. Jackson No. 03CA26, 2004–Ohio–5747, ¶ 39. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus; *State v. Brown*, 4th Dist. Athens No. 09CA3, 2009–Ohio–5390, ¶ 19. For constructive possession to exist, the state must show that the defendant was conscious of the object's presence. *Hankerson* at 91; K*ingsland* at ¶ 13. The elements of dominion, control, and whether a person was conscious of the object's presence may be established through circumstantial evidence. *Brown* at ¶ 19. "Moreover, two or more persons may have joint constructive possession of the same object." *Id*.

\*\*\*

The state introduced evidence that Koon was a passenger (in a vehicle) with his minor son that wrecked, throwing items from the vehicle onto a field. Koon was more concerned about retrieving items that had been thrown from the vehicle than attending to his injured, screaming child, who was lying on the pavement and ultimately was transported by Life Flight. In fact, Trooper Brooks had to tell him to look after his son to get him to stop searching the area of the wreck. The troopers found a syringe loaded with heroin, and rocks of heroin in the area that he had been searching. The jury could reasonably infer that Koon admitted owning items thrown from the vehicle by telling Trooper Brooks that "his whole life was ruined and scattered on the ground." The state introduced evidence that the heroin found in the debris field exceeded 10 grams, so the jury's determination that Koon had constructive possession of 10 grams of the heroin was supported by the evidence. Finally, the

9

> state refuted Koon's claim that the sticky, grainy brown substance on his shirt was mud or dirt; Trooper Dennis testified that based on his experience, the stain was liquefied heroin.
>
> One or two of these evidentiary items taken in isolation may have been insufficient for the jury to convict him of possession of heroin. However, in considering the evidence in a light most favorable to the state, sufficient evidence supports the court's determination that the state introduced the essential elements of the crime to allow the case to proceed to the jury. . . . Even if we have to accept Koon's claim that "[t]here simply is no direct evidence linking the heroin found in the debris field" to him, we still would not reverse. It is well settled that "[e]ven murder convictions and death sentences can rest solely on circumstantial evidence." *See State v. Waters*, 4th Dist. Vinton No. 13CA603, ¶ 35, citing *State v. Apanovitch*, 33 Ohio St.3d 319, 514 N.E.2d 394 (1987). We overrule Koon's first and second assignments of error.

*State v. Koon*, 2016 WL 527289, at *3–5.

Petitioner does not dispute the factual findings of the state appellate court. Instead, he argues that the evidence is constitutionally insufficient to sustain his conviction because the State failed to prove that the drugs found in the debris field belonged to him or that the drugs were in his actual or constructive possession. However, as noted by the state appellate court, "[c]ircumstantial evidence from which a reasonable inference of guilt beyond a reasonable doubt may be drawn is constitutionally sufficient." *Alder v. Burt*, 240 F.Supp.2d 651, 661 (E.D. Mich. 2003). Further, "circumstantial evidence is sufficient to support a conviction and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *Harris v. Morgan*, No. 1:10-cv-2351, 2011 WL 8184198, at *15 (N.D. Ohio Nov. 2, 2011) (citing *Newman v. Metrish*, 543 F.3d 793, 796 (6th Cir. 2008)).

Here, although there was no direct proof establishing Petitioner's constructive possession of the heroin found in the debris field after the accident, Trooper Steven Brooks testified that, when he arrived at the scene of the crash, he observed a twelve-year-old child lying next to the

10

vehicle screaming in pain. Transcript (Doc. 8-2, PageID# 241). Petitioner, however, wanted to search the crash debris, and Trooper Brooks had to instruct him to be with his son. (*Id.*, PageID# 242) . Trooper Brooks asked Petitioner what he was trying to find that was more important than his son lying on the ground in pain, and Petitioner stated that his whole life was ruined and scattered on the ground. (*Id.*, PageID# 248). At the time, Trooper Brooks noticed a brown grainy looking substance all over the front of Petitioner's shirt that was sticky, grainy, and brownish in color. (*Id.*, PageID# 246–47). When Trooper Nathan Dennis arrived at the scene, he likewise observed the adults searching the debris field and retrieving items. (*Id.*, PageID# 289). And, like Trooper Books, Trooper Dennis noticed that Petitioner had what appeared to be a brown substance on him which, in Dennis' experience, looked like heroin that had been liquefied and spilled onto Petitioner's clothing. (*Id.*, PageID# 290-91; 299-300).

Law enforcement officers located a syringe among all the crash debris in close proximity to the vehicle. (*Id.*, PageID# 244). Later testing of the syringe revealed that it contained .403 grams of heroin. (*Id.*, PageID# 324-25). In addition, law enforcement officers recovered a bag containing three brownish colored rocks, a bag containing a green leafy material, and one spoon with brownish residue. (*Id.*, PageID# 251). Later testing revealed that the rocks were heroin, weighing 19.452 grams. (*Id.*, PageID# 288).

In view of the foregoing, a reasonable juror could have inferred Petitioner's guilt of the crime charged. Moreover, as discussed, "[e]ven if a review of the evidence leads to the conclusion that no rational trier of fact could have found guilt beyond a reasonable doubt," this Court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Harris v. Morgan*, 2011 WL 8184198, at *16 (citing *Durr v. Mitchell*, 847 F.3d 423, 449 (6th Cir. 2007); *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009)). Applying this

standard of review, this Court is not persuaded that Petitioner has established he is entitled to relief.

### B. Claim Two

In claim two, Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction on possession of heroin, and that his conviction is against the manifest weight of the evidence. This claim fails to provide a basis for federal habeas corpus relief. *See Cruz-Altunar v. Warden, Ross Correctional Institution*, 2:14-cv-01844, 2016 WL 14498484, at *2 (S.D. Ohio April 13, 2016) (citing *Shedwick v. Warden, North Correctional Institution*, No. 2:13-cv-1230, 2015 WL 5785719, at *7 (S.D. Ohio Oct. 5, 2015)).

### C. Claim Three

In claim three, Petitioner asserts that the trial court improperly denied his request for a new trial, as the trial court's curative instructions to the jury were insufficient to overcome the prejudicial impact of Trooper Brooks' testimony.

Respondent argues that Petitioner has failed to present any federal constitutional issue for this Court's review, and that this claim fails to comply with Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. Return of Writ (Doc. 8, PageID# 54-55). Respondent also argues that Petitioner has procedurally defaulted this claim by failing to present it as a federal issue in the Ohio Court of Appeals, and by failing to raise it on appeal to the Ohio Supreme Court. (*Id.*, PageID# 56-57).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground. Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for

adjudication. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.,* No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted)).

Liberally construing Petitioner's *pro se* pleadings, as this Court is required to do, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (the allegations of a *pro se* complaint are to be held to less stringent standards than formal pleadings drafted by lawyers), the Court is not persuaded that dismissal of this claim is appropriate for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Instead, the Court presumes, from review of the record, that Petitioner intends to present in claim three the same issue that he raised before the Ohio Court of Appeals, *i.e.*, that the trial court improperly denied his motion for a new trial based upon testimony of Trooper Brooks indicating that "Ms. Frank" stated that the crash had occurred at approximately 9:30 p.m., or a half-hour before the Trooper's arrival. The trial court thereafter instructed the jury to disregard Brooks statement. *See* Defendant-Appellant's Brief in Support of Appeal (Doc. 8-1, PageID# 111-112).

That said, Petitioner has failed to present any federal constitutional issue for this Court's review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional

state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Moreover, to the extent that the Court would interpret claim three as raising a federal claim, Petitioner would run into the procedural default barricade. Petitioner failed to present any federal constitutional issue to the state appellate court. He has thereby waived any federal constitutional issue for this Court's review. In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love*, 782 F.2d 53, 55 (6th Cir.1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self-evident. *Haggins v. Warden*, 715 F.2d 1050, 1054 (6th Cir. 1983) (citing *Harless*, 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin*, 811 F.2d at 326; *Petrucelli v. Coombe*, 735 F.2d 684, 688

14

(6th Cir. 1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard*, 404 U.S. at 277 (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir. 1989).

As discussed, Petitioner argued before the state appellate court that the trial court had abused its discretion in denying his motion for a new trial. However, he did not raise any federal constitutional claim—he did not raise any issue regarding the alleged denial of due process, or claim that the trial court had thereby violated federal law or the United States Constitution. Nor did he refer to any federal cases or state cases relying on federal law in presenting this claim to the Ohio courts. In short, he raised his claims solely as an issue of state law.

The state appellate court likewise reviewed his claims solely for a violation of state law:

> "Our analysis begins with the well-settled premise that the decision whether to grant a mistrial rests within a trial court's sound discretion, and its decision will not be reversed absent an abuse of that discretion." *State v. Daniels*, 4th Dist. Scioto No. 11CA3423, 2011–Ohio–5603, ¶ 10; *see also State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2015–Ohio3703, ¶ 38. "'A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable.'" *State v. Keenan*, 143 Ohio St.3d 397, 2015–Ohio–2484, 38 N.E.3d 870, ¶ 7, quoting *State v. Darmond*, 135 Ohio St.3d 343, 2013–Ohio–966, 986 N.E.2d 971, ¶ 34.
>
> In general a mistrial should not be granted based on an error or irregularity unless an accused's substantial rights are adversely affected. *Daniels* at ¶ 11; *see also State v. Wharton*, 4th Dist. Ross No. 09CA3132, 2010–Ohio–4775, ¶ 25.
>
> B. Analysis
>
> In his initial merit brief Koon argues that Trooper Brooks's inadmissible hearsay statement "was unfair, damaging and could not be undone." He speculates that "[a]s far as the jury knew, the accident had occurred only a couple minutes prior to Trooper

15

> Brook[s]'s arrival and the suggestion, through hearsay, that the accident occurred a half-hour earlier was [the] decisive piece of inadmissible evidence * * *." But Koon never specifies in his initial brief how an extra half-hour delay prejudiced him on the drug possession charge.
>
> In response the state persuasively counters that any additional time that Koon and Frank spent at the scene before calling for help was not unduly prejudicial to Koon because it was primarily relevant to the charge of child endangering, which the court dismissed after trial i.e. it related to the length of time that had elapsed from the occurrence of the accident until Koon called 911 to obtain medical help for his minor son.
>
> In his reply brief Koon suggests that "[t]he jury might have speculated that [he] was searching for drugs, instruments and other personal effects and that [he] neglected his child during that time." (Emphasis added.) Koon's eleventh-hour speculative argument fails to establish that his substantial rights were adversely affected. Moreover, the trial court's curative instruction, which ordered the jury to disregard Trooper Brooks's isolated hearsay statement, remedied any possible adverse impact on his drug possession charge. *See Wharton*, 2010–Ohio–4775, at ¶ 26, citing *State v. Ahmed*, 103 Ohio St3d 27, 2004–Ohio–4190, 813 N.E.2d 637, ¶ 93 ("When analyzing the propriety of a mistrial, we presume that the jury will follow the court's curative instructions concerning improper witness comments"). Although this presumption is rebuttable, Koon has not rebutted it here; vague and speculative assertion of adverse impact will not suffice.
>
> The trial court did not act in an unreasonable, arbitrary, or unconscionable manner in overruling Koon's motion for a mistrial. We overrule his third assignment of error.

*State v. Koon*, 2016 WL 527289, at *6–7.

Further, Petitioner has failed to establish cause for his failure to present his claim to the state courts as one of federal constitutional magnitude. He therefore has waived his right to present claim three here.

### D. Claims Four and Five

In claim four, Petitioner again asserts that the trial court committed reversible error when it denied his motion for a new trial. Petitioner also asserts in claim five that the trial court improperly denied his motion for judgment of acquittal, and argues that the jury "lost its way" in finding him guilty. For the reasons previously discussed, these claims fail to present issues of federal constitutional magnitude warranting federal habeas corpus relief.

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision

of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: March 24, 2017                                         /s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE